CARTER v. STATE. (7 Div. 177.)

(Court of Appeals of Alabama. Oct. 26, 1926.)

1. Criminal law ☞783(2).

Instruction that defendant's conviction for petit larceny could only be considered in weighing his testimony, and should not influence verdict held properly refused, as misleading.

2. Criminal law ☞789(15).

Instruction that, if there was probability of defendant's innocence, he should not be found guilty, even though there was no reasonable doubt of his guilt, held properly refused.

3. Criminal law ☞822(1).

Oral charge of court must be construed as whole.

4. Criminal law ☞412(1).

In prosecution for selling personal property on which another had lien, under Code 1923, § 4925, any conversation between defendant and third person, not in presence of person from whom property was obtained, was inadmissible, in absence of agency being shown.

5. Criminal law ☞338(3).

In prosecution for selling personalty on which another had a lien, under Code 1923, § 4925, after defendant testified that person from whom property had been obtained had been listed as creditor, when petition in voluntary bankruptcy by defendant had been filed, evidence of notice received by such person in mail from referee held properly admitted.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Charlie Carter was convicted of an offense, and he appeals. Affirmed.

These charges were refused to defendant:

(6) I charge you, gentlemen of the jury, that if you believe from the evidence that the defendant has before been convicted of petit larceny, you can only consider this in weighing his testimony, and this fact, if it be a fact, should not influence your verdict.

(8) I charge you, gentlemen of the jury, you should find the defendant not guilty, if there is a probability of his innocence, even though there is no reasonable doubt of his guilt from the evidence.

L. L. Saxon, of Columbiana, for appellant.

The notice from the referee in bankruptcy should not have been received in evidence without being certified. Code 1923, §§ 7681, 7683. Evidence of former conviction goes only to credibility of witness. Code 1923, § 7722; Williams v. State, 144 Ala. 14, 40 So. 405; Thompson v. State, 100 Ala. 70, 14 So. 878; Smith v. State, 129 Ala. 89, 29 So. 699, 87 Am. St. Rep. 47. Evidence of acts and declarations of an alleged agent is admissible, when there is some other evidence of agency. South & N. A. R. Co. v. Henlein, 52 Ala. 606, 23 Am. Rep. 578; Birmingham Mineral R. Co. v. Tennessee Coal, Iron & R. Co., 127 Ala. 137, 28 So. 679.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The affirmative charge was properly refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726. Charge 6 is misleading. White v. State, 20 Ala. App. 65, 101 So. 66. Charge 8 is not correct. Lakey v. State, 18 Ala. App. 442, 93 So. 51. The oral charge of the court must be taken as a whole. Holladay v. State, 20 Ala. App. 76, 101 So. 86. Evidence of what transpired between defendant and another, out of the presence of the party whose property was taken, was inadmissible. Hamlett v. State, 19 Ala. App. 218, 96 So. 371. The notice of bankruptcy received by the party was admissible. Pritchett v. State, 18 Ala. App. 628, 93 So. 341.

RICE, J. Appellant was convicted of the offense of selling or removing personal property upon which another had a lien. Code 1923, § 4925. He was given a sentence of not less than two nor more than three years in the penitentiary. We cannot see that a discussion of the evidence is proper. It was ample to support the verdict returned.

Charges 2, 3, and 4, the general affirmative charges requested in writing by defendant, were hence manifestly properly refused.

[1] Written charge 6, requested by defendant, was misleading, to say no more, and therefore refused without error.

[2] Written charge 8, requested by defendant, does not state a correct proposition of law. Lakey v. State, 18 Ala. App. 442, 93 So. 51.

[3] The trial court's oral charge, taken as a whole, as it must be, correctly stated the law, and the exceptions reserved to portions thereof are without merit. Holladay v. State, 20 Ala. App. 76, 101 So. 86.

[4] Defendant, in his own testimony, stated that he went to see Mrs. Jones, the person from whom the property was obtained, in person. Conversation between him and another, not in Mrs. Jones' presence, no agency being shown, was manifestly inadmissible.

[5] After defendant had testified that he

had listed Mrs. Jones as a creditor, when he filed his petition in voluntary bankruptcy, it was proper to allow the introduction in evidence of the notice from the referee, received by her in the United States mail.

We have examined the entire record, and are of the opinion that no error prejudicial to any right of the defendant occurred during the proceedings.

The judgment is affirmed.

Affirmed.